Battle, J.
 

 The plaintiff does not profess to set forth in his bill, all the terms of the contract between himself and the defendant, relative to the collection of the claim, which he, the plaintiff, had against William Copley. He merely states, in general terms, that the defendant undertook to collect it for him “ upon shares.” The defendant alleges that the agreement
 
 *410
 
 was made after the plaintiff had obtained a judgment against Vm. Copley, who had conveyed his land to his brother, Anderson. Copley, as was supposed, in fraud of his creditors, and that the contract was, that he should have an execution, issued on the plaintiff’s judgment, levied upon the land, and would make it bring enough to pay the judgment if he could — the plaintiff agreeing to give him, half the purchase-money. The only witness examined in the cause, John B. Leathers, proves that the agreement between the parties was, that the defendant was to save the debt if he could, by having the plaintiff’s execution levied upon the land above mentioned, and the plaintiff was, upon its being saved, to give him one half of it. At the sale of the land, the witness, as the agent of the defendant, who was necessarily absent, was instructed to make it bring the amount of the plaintiff’s debt, or to buy it for him, the defendant.
 

 We think that the fair construction of the contract between the parties, as evidenced by what was said and done was, that if the defendant could make the amount of the plaintiff’s debt out of the land in question, he was to have half of it. He did make it by means of his purchase, and subsequent sale of the land, and we think that ho is bound in equity and good conscience to pay the plaintiff one half of it. It is ridiculous to suppose that the parties meant to divide a mere nominal sum, while the defendant was to take and keep for his own use whatever he conld make from the purchase of the land in question. It has been, indeed, strongly insisted that the plaintiff is entitled to one half of the amount for which he sold the land, after deducting the expenses of the litigation by which he recovered it. The argument is, that he was agent for the plaintiff, dealing with his funds, and, therefore, accountable to him for whatever was made but of them, after retaining the stipulated compensation of fifty
 
 per cent
 
 on the amount. If the premises were correct, the conclusion would be legitimate;
 
 Hall
 
 v. Davis, 3 Jones’ Eq. Rep. 413. But we do not think that a fair construction of the contract between the parties, invests the defendant with the character of agent for the plain
 
 *411
 
 tiff, to manage Ills funds. The defendant was, at his own costs, to make an attempt to save the plaintiff’s debt against William Copley. It is truly, that in doing so, lie was to have the control of the plaintiff’s judgment against Copley, but the plaintiff was not to be responsible for any of the expenses or costs in the management of the business. All these were to be borne by the defendant alone, and if he should suceeed in saving the plaintiff’s debt, he was to have one half of it as a compensation for his trouble, risk and expense. Had the litigation, which was necessary to recover the land after the defendant had bought it at the execution sale, proved adverse, there is no pretence that the plaintiff could have been compelled to pay any part of it. As it proved successful, we think the defendant is entitled to the land or its proceeds, and that the extent of the plaintiff’s claim against the defendant is for one half of his debt with interest, and for that, as well as for his costs, the plaintiff may have a decree.
 

 Per Curiam, Decree accordingly.